UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RUBEN PAUL CHAVEZ, III,<br><br>Defendant. | Case No.: 1:22-cr-00163 JLT SKO<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(2)<br><br>(Doc. 32) |

Ruben Paul Chavez, III is a federal prisoner moving for compassionate release under 18 U.S.C. § 3582(c)(2) and the "status points" provision of the retroactive amendments to the U.S. Sentencing Guidelines ("Amendment 821"). (Doc. 32.) The Government opposes the motion, contending that Defendant is ineligible for a reduction because the amended status points provision does not impact Defendant's criminal history category or sentencing guideline range. (Doc. 37.) Defendant did not file a reply. For the reasons set forth below, Defendant's motion is **DENIED**.

I. **Background**

On November 10, 2022, pursuant to a written plea agreement, Defendant pled guilty to use of unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(2) (Count 1), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (Count 2). (Docs. 21-22.) Following Defendant's guilty plea, a Presentence Investigation Report ("PSR") was prepared by the probation officer. (Doc. 26.) The PSR indicated a total offense level of 12. (*See* PSR ¶ 45.) Defendant was assigned 13 criminal

history points based on multiple prior convictions and 2 status points for committing the offense while on parole, resulting in a total criminal history score of 15. (PSR ¶¶ 51-65.) This placed Defendant in criminal history category VI. (PSR ¶ 66.) Based on Defendant's offense level and criminal history category, the advisory sentencing guideline range called for a term of imprisonment of 30 to 37 months as to Count 1. (PSR ¶ 103.) As to Count 2, the guideline sentence was the mandatory 24-month term of imprisonment, to be served consecutive to any other sentences imposed. (PSR ¶¶ 102-03.)

The Court held a sentencing hearing on March 6, 2023. (Doc. 29.) The Court adopted the findings in the presentence investigation report without change. (Statement of Reasons ("SOR") at 1.) The Court varied downward as to Count 1 based on consideration of the sentencing factors set forth at 18 U.S.C. § 3553(a). (*See* SOR at 3.) Defendant was sentenced to 21 months as to Count 1 and 24 months as to Count Two, for a total term of 45 months. (Doc. 29; Doc. 30 at 2.)

**II.     Legal Standard**

In general, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."). Those limited circumstances include compassionate release "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(2). In such a case, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id*. Section 1B1.10(a)(2) provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if … (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2) (Nov. 2023).

As such, the court conducts a two-step inquiry to determine if a prisoner is eligible for relief under § 3582(c)(2). The court begins by "determining the amended guideline range that would have

been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks omitted). If a defendant is found "eligible" under the first step, the court must consider the sentencing factors enumerated in 18 U.S.C. § 3553(a) to determine if "the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*.

### III.    Analysis

Defendant now asks the Court to reduce his sentence under Part A of Amendment 821 to the U.S. Sentencing Guidelines, which reduces the number of "status points" assigned to certain defendants who committed their offense while under a criminal justice sentence, thereby lowering the impact on the defendant's criminal history. *See* U.S.S.G. § 4A1.1. The amended provision instructs the sentencing judge to:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(e) (Nov. 1, 2023). Therefore, under Amendment 821, a defendant who presents 7 or more criminal history points now receives 1 status point, instead of 2, for an offense committed while under a criminal justice sentence, and a defendant who presents 6 or fewer criminal history points now receives no status points. *Compare* U.S.S.G. § 4A1.1(d) (prior to Nov. 1, 2023), *with* U.S.S.G. § 4A1.1(e) (Nov. 1, 2023).

Because Defendant was assigned more than 7 criminal history points, he would receive 1 status point, rather than 2, under the amended status points provision. This would result in a criminal history score of 14. (*See* PSR ¶¶ 63-65.) However, according to the sentencing table in U.S.S.G. Chapter 5, Part A, a criminal history score of 14 places Defendant in criminal history category VI, the same category assessed at sentencing. Thus, application of Amendment 821 does not reduce Defendant's sentencing guidelines range, rendering Defendant ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) at the first step. The Court does not consider the sentencing factors enumerated in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 827 (2010).

///

**IV.   Conclusion**

Based upon the foregoing, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(2), (Doc. 32), is **DENIED**.

IT IS SO ORDERED.

Dated:   **October 25, 2024**

_____
UNITED STATES DISTRICT JUDGE